United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Plaintiff,

Case No. 26-cr-20060

v.

Hon. Linda V. Parker

Michael Martin Yeager,

Defendant.

______________________________/

# Plea Agreement

The United States of America and the defendant, Michael Yeager, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will plead guilty to Count One of the Indictment. Count 1 charges the defendant with sexual exploitation of a minor under 18 U.S.C. § 2251(a).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| | | |
|---|---|---|
| Count One | Term of imprisonment: | At least 15 years and up to 30 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | At least five years and up to life |

The defendant understands that Count One requires a mandatory minimum sentence of 180 months (15 years) imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

### 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the Indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts Two through Four which charge Sexual Exploitation of a Minor and Attempt (18 U.S.C. §§ 2251(a), (e) and 2), Count Five thorough Seven which charge Distribution of Child Pornography and Attempt (18

U.S.C. §§ 2252A(a)(2), (b)(1)), and Count Eight which charges Possession of Child Pornography (18 U.S.C. § 2252A(a)(5)(B)).

## 4. Elements of Count of Conviction

The elements of Count One are:

1. The defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

2. The defendant did so knowing or having reason to know that such visual depiction would be transported or transmitted using a means or facility of interstate commerce, or in or affecting interstate or foreign commerce; or the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce; or the visual depiction was transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

## 5. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Between on or about December 2022 and on or about September 2025, in the Eastern District of Michigan, the defendant employed and used a minor, Minor Victim One ("MV-1"), to create visual depictions of sexually explicit conduct. The defendant engaged in chats with MV-1's

mother, over Telegram and Skype, wherein he repeatedly asked her to record MV-1 engaged in sexually explicit conduct, and MV-1's mother did so at his direction. Specifically, as to Count 1, at the defendant's request, MV-1 engaged in the lascivious display of her genitalia. MV-1 was under five years old at the time these videos were produced.

On or about February 11, 2023, the defendant sent MV-1's mother a message directing her to: (1) have her daughter urinate and defecate directly into her mouth, (2) swallow the urine and eat the feces, and (3) lick her daughter's vagina and anus.

Subsequently on February 11, 2023, MV-1's mother sent the defendant a video that is approximately 6 minutes and 24 seconds in length. It shows a prepubescent female, naked from the waist down, sitting on a red bucket. The child stands up, and feces can be seen in the bucket and between the child's buttocks. An adult female repeatedly licks the feces from between the child's buttocks and cleans the child's buttocks with a wipe. The child exits the video, and the adult female eats the child's feces out of the red bucket.

The defendant knew that the videos he requested, including the video produced on February 11, 2023, would be sent to him over the

internet, a means and facility of interstate and foreign commerce, thereby affecting interstate commerce.

**6. Stipulated Offenses**

The parties stipulate under USSG § 1B1.2(c) and USSG § 2G2.1(d), that the defendant has committed the following additional offenses and that his sentencing guidelines should be calculated as if the exploitation of each minor had been contained in a separate count of conviction.

The defendant stipulates that MV-1 (Count 2), MV-2, a post-pubescent minor female (Counts 3, 4 and 5), MV-3, a prepubescent female (Count 7), and MV-4, a prepubescent female (Count 6), are victims of offenses charged in those counts of the Indictment, and that his sentencing guidelines should be scored as such. A summary of the defendant's conduct, as to those counts, is as follows:

| Count | Date | Victim and Description |
|---|---|---|
| 2 | 2/11/23 | MV-1: adult female performing apparent oral sex on MV-1 |
| 3 | 5/13/23 | MV-2: adult female urinating in MV-2's mouth and adult female engaging in oral contact with MV-2's anus |

| | | |
|---|---|---|
| 4 | 5/15/23 | MV-2: MV-2 displaying nude genitalia and anus |
| 5 | 5/13/23 | MV-2: Yeager distributed videos of MV-2 described in Count 3 |
| 6 | 5/23/23 | MV-4: Yeager distributed video of MV-4 in which adult female engages in oral contact with MV-4's anus |
| 7 | 5/25/24 | MV-3: Yeager distributed video of MV-3 while a male urinates in her mouth; the male's nude penis and MV-3's nude pubic area are visible |

## 7. Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

**8. Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

**9. Defendant's Guideline Range**

**A. Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

**B. Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

**C. Other Guideline Recommendations**

The parties have no other joint recommendations as to the defendant's guideline calculation.

**D. Factual Stipulations for Sentencing Purposes**

The parties have no additional factual agreements for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations in paragraph 9.B. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

**B. Imprisonment**

**1. Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the 30-year statutory maximum sentence.

**2. No Right to Withdraw**

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. MV-1, MV-2, MV-3, and MV-4 are victims of the

defendant's offense conduct. There is no other recommendation or agreement on restitution. The Court will determine at sentencing the amounts of restitution these victims are owed, who the additional victims are, if any, and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F. Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. § 2253(a), the defendant agrees to forfeit his interest in the following:

1. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;
2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of the defendant's violation; and
3. Any property, real or personal, used or intended to be used to commit or to promote the commission of the defendant's violation including, but not limited to, the following (hereinafter referred to collectively as "Subject Property"):

Black Apple iPhone with case and Apple iPad in black case (26-ICE-000379).

The defendant agrees that a sufficient nexus exits between the defendant's offense of conviction and the Subject Property and that the Subject Property is forfeitable to the United States pursuant to 18 U.S.C. § 2253.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the Subject Property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

The defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture

in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the property referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Double Jeopardy Clause and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**G. Special Assessment**

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

In addition, under the Justice for Victims of Trafficking Act of 2015, the defendant will be required to pay a special assessment of $5,000, due immediately upon sentencing. However, if the Court finds that the defendant is indigent, he will not be ordered to pay this amount.

## 11. SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, Defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

**12. Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the statutory maximum as to Count 1.

**13. Collateral Review and Sentence Modification Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant, however, waives any other right he may have to challenge his conviction or sentence or the execution of his sentence under 28 U.S.C. § 2255 or under 28 U.S.C. § 2241 or to move for any relief under Federal Rule of Civil Procedure 59 or 60. The defendant also waives any right he may have to seek compassionate release or a modified or reduced sentence under 18 U.S.C. § 3582(c)(1)(A) or 18 U.S.C. § 3582(c)(2).

**14. Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the

defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**15. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the

factual basis set forth in this agreement, against the defendant in any proceeding.

**16. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**17. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 18. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on August 28, 2026. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Jerome F. Gorgon
United States Attorney

Matthew Roth
Chief, Trafficking and
Exploitation of Children Unit
Assistant United States
Attorney

Zahary A. Zurek
Assistant United States
Attorney

Dated: August 13, 2026

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and representation.

Margaret Raben
Margaret Raben
Attorney for Defendant

Michael Yeager
Defendant

Dated: 8/27/26